**LAW OFFICES OF C. JOE SAYAS, JR.**
C. JOE SAYAS, JR. (Bar No. 122397)
cjs@joesayaslaw.com
KARL P. EVANGELISTA (Bar No. 250685)
kpe@joesayaslaw.com
500 N. Brand Boulevard, Suite 980
Glendale, California 91203
Telephone: (818) 291-0088
Facsimile: (818) 240-9955

**SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**
WILMER J. HARRIS (Bar No. 150407)
wharris@sshhlaw.com
ISABEL M. DANIELS (Bar No. 270887)
idaniels@sshhlaw.com
715 Fremont Avenue, Suite A
South Pasadena, California 91030
Telephone: (626) 441-4129
Facsimile: (626) 283-5770

Attorneys for Plaintiff Geneflor Sacro

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEFLOR SACRO, on behalf of herself and all other similarly-situated individuals,<br><br>          Plaintiff,<br><br>     vs.<br><br>BROOKDALE SENIOR LIVING COMMUNITIES, INC, a Delaware corporation; BROOKDALE LIVING COMMUNITIES, INC., a Delaware corporation; BKD TWENTY-ONE MANAGEMENT COMPANY, INC., a Delaware corporation; and DOES 1 through 10, inclusive<br><br>          Defendants. | Case No.:<br><br>CLASS ACTION<br><br>**COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME (*Cal. Lab. Code §§ 510 & 1194; 8 Cal. Code Regs. § 11050, ¶ 3*);<br><br>2. FAILURE TO PAY AT LEAST MINIMUM WAGE FOR ALL HOURS WORKED (*Cal. Lab. Code §§ 223, 1194, 1194.2 & 1197; 8 Cal. Code Regs. § 11050, ¶ 4*);<br><br>3. FAILURE TO PAY WAGES FOR MISSED MEAL PERIODS (*Cal. Lab. Code §§ 226.7 & 512; 8 Cal. Code Regs. § 11050, ¶ 11*);<br><br>4. FAILURE TO PAY WAGES FOR MISSED REST PERIODS (*Cal. Lab. Code § 226.7; 8 Cal. Code Regs. § 11050, ¶ 12*); |

1

5. FAILURE TO KEEP AND FURNISH ACCURATE WAGE STATEMENTS (*Cal. Lab. Code § 226*);

6. WAITING TIME PENALTIES (*Cal. Lab. Code §§ 201, 202 & 203*);

7. UNFAIR COMPETITION (*Cal. Bus. & Prof. Code §§ 17200 et seq.*);

**AND DEMAND FOR JURY TRIAL**

## NATURE OF ACTION

1.      This is a class action brought against Defendants BROOKDALE SENIOR LIVING COMMUNITIES, INC., BROOKDALE LIVING COMMUNITIES, INC., BKD TWENTY-ONE MANAGEMENT COMPANY, INC., and defendants DOES 1 through 10, inclusive (collectively, "Defendants"), under the California Labor Code, the applicable Wage Order of the California Industrial Welfare Commission, the California Business and Professions Code (sections 17200 *et seq.*), and other statutes and regulations applicable to non-exempt employees in the State of California.

2.      This action arises out of Defendants' failure and/or refusals to provide Plaintiff GENEFLOR SACRO (hereafter, "Plaintiff"), and other similarly-situated former and current non-exempt employees of Defendants: (i) their proper overtime compensation for all work in excess of 8 hours per day; (ii) the minimum-wage compensation required by California law for each hour worked; (iii) the uninterrupted, duty-free meal and rest periods required by California law; (iv) the premium wages earned by employees for each day an employee was unable to take a meal period mandated by California law; and (v) the premium wages earned by employees for each day an employee was unable to take a rest period mandated by California law.  Instead, Defendant have taken the aforesaid wages owed to Plaintiff, and other non-exempt employees of Defendants, and unlawfully converted the funds for Defendants' own use and benefit, in order to

2

maximize profits and gain an unfair business advantage over Defendants' competitors at the expense of Defendants' own employees.

3.    Defendants' wage-and-hour policies, as described herein, violate multiple provisions of the California Labor Code, including sections 201, 202, 223, 226, 226.7, 510, 512 and 1197, as well as paragraphs 3, 4, 7, 11 and 12 of Wage Order 5-2001 of the California Industrial Welfare Commission.

4.    Plaintiff now brings this class action, on behalf of herself and other similarly-situated former and current non-exempt employees of Defendants, to recover the unpaid compensation owed to Plaintiff and the other employees by Defendants, as well as all applicable statutory penalties arising from Defendants' repeated violations of the California Labor Code.

## THE PARTIES

5.    Plaintiff is, and at all relevant times was, a competent adult residing in Ventura County in the State of California.

6.    Defendant BROOKDALE SENIOR LIVING COMMUNITIES, INC. is, and at all relevant times was, a corporation duly organized under the laws of the State of Delaware, with its principal place of business in Brentwood, Tennessee.  Throughout the time relevant to this action, it has conducted business in the State of California, including within the geographical boundaries of the United States District Court for the Central District of California.

7.    Defendant BROOKDALE LIVING COMMUNITIES, INC. is, and at all relevant times was, a corporation duly organized under the laws of the State of Delaware, with its principal place of business in Brentwood, Tennessee.  Throughout the time relevant to this action, it has conducted business in the State of California, including within the geographical boundaries of the United States District Court for the Central District of California.

8.    Defendant BKD TWENTY-ONE MANAGEMENT COMPANY, INC. is, and at all relevant times was, a corporation duly organized under the laws of the State of

COMPLAINT AND DEMAND FOR JURY TRIAL

Delaware, with its principal place of business in Brentwood, Tennessee. Throughout the time relevant to this action, it has conducted business in the State of California, including within the geographical boundaries of the United States District Court for the Central District of California.

9.    Defendants BROOKDALE SENIOR LIVING COMMUNITIES, INC., BROOKDALE LIVING COMMUNITIES, INC., and BKD TWENTY-ONE MANAGEMENT COMPANY, INC. are hereafter collectively referred to as the "Brookdale Defendants."

10.    Plaintiff is currently unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 10, inclusive, and therefore sue those defendants by fictitious names. Plaintiff shall seek leave to amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when they are ascertained.

11.    Plaintiff is informed and believes, and based thereon alleges, that each defendant sued in this action act and acted, in all respects pertinent to this action, as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to the other defendants.

12.    Plaintiff is informed and believes, and based thereon alleges, that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 10, inclusive, is directly or indirectly responsible in some manner for the occurrences, controversies and damages alleged herein, in various capacities, including but not limited to serving as joint employer, joint tortfeasor or *alter ego* of the other defendants. Each defendant approved or ratified the acts of all other defendants.

## JURISDICTION AND VENUE

13.    The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332, subdivision (a)(1). The matter in controversy exceeds

4

COMPLAINT AND DEMAND FOR JURY TRIAL

the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

14.     Venue is proper in this Court under 28 U.S.C. § 1391, subdivision (b)(2). Plaintiff and numerous other similarly-situated former and current non-exempt employees of the Brookdale Defendants were employed in facilities located within the geographical boundaries of the United States District Court for the Central District of California, such that a substantial part of the events and omissions in this wage-and-hour class action occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.     The Brookdale Defendants are recognized to be the largest owner and operator of senior living communities throughout the United States, and operates a number of such facilities throughout the State of California, including within this judicial district.  Throughout the time relevant to this action, the Brookdale Defendants have employed numerous non-exempt Nurses, including Plaintiff, to provide round-the-clock healthcare services to the Brookdale Defendants' resident patients.

16.     From March 3, 2015 through June 2, 2016, Plaintiff worked as a Registered Nurse Supervisor at the Brookdale Defendants' facility called "Emeritus at Camarillo," located in Camarillo, California.  Plaintiff was classified as a non-exempt employee throughout said employment.

17.     Plaintiff is informed and believes, and based thereon alleges, that Defendants likewise classified the Brookdale Defendants' other former and current Nurses in California as non-exempt employees throughout the relevant time period.

18.     Throughout the relevant period, the terms and conditions of employment for Plaintiff, and other former and current non-exempt Nurses of the Brookdale Defendants in California, were and are governed by the California Labor Code and Wage Order 5-2001 of the California Industrial Welfare Commission ("Wage Order 5-2001"), which sets the employment standards for employees in "establishments offering board or

COMPLAINT AND DEMAND FOR JURY TRIAL

lodging in addition to medical, surgical, nursing, convalescent, agent, or child care." [*See 8 Cal. Code Regs. § 11050, ¶¶ 1. & 2.(P)(4).*]

19.    Throughout the time relevant to this action, Defendants maintained a policy and/or practice under which they systemically failed to provide their former and current non-exempt Nurses, including Plaintiff, with all earned overtimes wages for work beyond 8 hours in a day.  Specifically, Defendants' strict policy and practice against so-called unscheduled overtime resulted in repeated overtime violations committed against Plaintiff and other Nurses.

20.    Per Defendants' policy and practice, non-exempt Nurses, including Plaintiff, were instructed to work only pre-approved overtime, such as that incurred for mandatory meetings that occasionally compelled Plaintiff and other Nurses to work beyond their scheduled 8-hour shift.

21.    Defendants' strict policy against unscheduled overtime, coupled with the excessive workloads imposed on Nurses by Defendants, resulted in a regular practice whereby the non-exempt Nurses, including Plaintiff, were made to clock out at the scheduled end of their 8-hour shift, but then continue working to complete daily *postliminary* duties, including preparing reports and/or other paperwork required by their employer.  By such practice, Plaintiff and other Nurses routinely worked between 10 to 14 hours per shift.

22.    In violation of Labor Code section 510, and paragraph 3(B)(8) of Wage Order 5-2001, Plaintiff and other Nurses were routinely not paid the premium overtimes wages earned for the *postliminary* duties they performed following their scheduled 8-hour shifts.

23.    Similarly, Defendants also failed to properly compensate Plaintiff and other Nurses for work performed during ostensible meal breaks for which they regularly remained on duty.  As detailed below, Defendants instructed Plaintiff and other Nurses to have their time records reflect meal breaks for which they could not be relieved of all work duties, which was oftentimes accomplished by retroactive editing of the employees'

COMPLAINT AND DEMAND FOR JURY TRIAL

time records by the employer's administrative personnel.  If Plaintiff and/or other Nurses were unable to clock out for meal period because they were too busy working, they were instructed to fill out a Kronos Adjustment form to "correct" their hours.

24.    As Plaintiff and other Nurses worked scheduled 8-hour shifts that specifically excluded these off-the-clock yet on-duty meal times, these periods of work should have been compensated at the respective employees' overtime rate.  Instead, no wages were paid for the ostensible meal periods during which Nurses, including Plaintiff, remained on duty.

25.    Indeed, no wages at all were paid to Plaintiff and other Nurses for the off-the-clock work they were compelled to perform: (i) during ostensible meal periods; and (ii) to complete *postliminary* duties following the end of their scheduled shifts.  Such failure to pay wages for work performed are thus also in violation of Labor Code sections 222 and 1197, and paragraph 4 of Wage Order 5-2001, under which employers in California are required to pay employees at least the legally-mandated minimum wage for each hour worked.

26.    As noted *supra*, Defendants maintained a policy and/or practice under which they systematically failed to provide their former and current Nurses, including Plaintiff, with all meal periods required by the California Labor Code and Wage Order 5-2001.  Defendants have also systematically failed to pay each such employee an additional hour of wages for each shift in which the employee is denied a mandated period, as required by Labor Code section 226.7(c) and Wage Order 5-2001.

27.    Pursuant to California Labor Code sections 226.7(b) and 512, and paragraph 11 of Wage Order 5-2001, employers in California are required to provide employees who work in excess of 5 hours in a shift, like Plaintiff and the Brookdale Defendants' other former and current Nurses, at least one off-duty meal break of at least 30 consecutive minutes in duration.  These laws further require that a second, off-duty meal break of at least 30 consecutive minutes in duration be provided to all employees who work in excess of 10 hours in a shift.  However, the excessive workloads imposed by

COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants routinely compelled Plaintiff and other Nurses to forego the off-duty meal periods ostensibly guaranteed by California law.

28.    Instead, Plaintiff and other Nurses were compelled to remain on duty throughout their shifts, grabbing meals and drinks on-the-go as they continued with their assigned work duties.  Although Defendants instructed Plaintiff and other Nurses to clock out for purported meal breaks under threat of discipline, the excessive workloads imposed by Defendants obliged these Nurses to continue to remain on duty despite being off-the-clock for a supposed meal period, a pattern and practice of which their supervisors were well aware.

29.    When Plaintiff and/or other Nurses were unable to physically clock out for purported meal breaks due to their excessive duties, Defendants instructed them to fill out a Kronos Adjustment form to "correct" their hours, i.e., to make it appear that they took their meal break and "forgot" to record it, even though the purported meal break is one that they never actually took.

30.    Pursuant to California Labor Code section 226.7(c), and paragraph 11(B) of Wage Order 5-2001, employers in California are required to pay employees premium wages for missed meal periods, amounting to an additional hour of wages for each shift in which the employee is denied a meal period mandated by the Labor Code and the applicable Wage Order.

31.    Despite Defendants' systemic denial of the off-duty meal periods guaranteed by California law, as described herein, Defendants have made no effort to pay Plaintiff and other Nurses the additional hour of wages earned for each shift in which an employee was denied a mandated meal period, resulting in repeated violations of Labor Code section 226.7(c) and paragraph 11(B) of Wage Order 5-2001.

32.    Pursuant to California Labor Code sections 226.7(b), and paragraph 12 of Wage Order 5-2001, employers in California are also required to authorize and permit all employees who work at least three and one-half hours per day a rest break of at least 10 consecutive minutes in duration for every four hours worked, or major fraction thereof.

COMPLAINT AND DEMAND FOR JURY TRIAL

As such, employees who work at least 8 hours in a day, such as Plaintiff and the Brookdale Defendants' other former and current Nurses, were entitled to at least two 10-minute rest breaks for every scheduled 8-hour shift.

33.     However, the excessive workloads imposed on Plaintiff and the other Nurses also did not provide proper opportunity for these employees to take the 10-minute rest periods ostensibly guaranteed to these workers under California law.  Instead, Plaintiff and the other Nurses were compelled to remain on duty throughout their busy work shifts, as their substantial workloads routinely deprived them of the opportunity to take 10-minute rest periods, a pattern and practice of which their supervisors were well aware.

34.     Pursuant to California Labor Code section 226.7(c), and paragraph 12(B) of Wage Order 5-2001, employers in California are required to pay employees premium wages for missed rest periods, amounting to an additional hour of wages for each shift in which the employee is denied a rest period mandated by the Labor Code and the applicable Wage Order.

35.     Despite Defendants' systemic denial of the opportunity to take the off-duty rest periods guaranteed by California law, as described herein, Defendants have made no effort to pay Plaintiff and other Nurses the additional hour of wages earned for each shift an employee was not allowed a mandated rest period, resulting in repeated violations of Labor Code section 226.7(c) and paragraph 12(B) of Wage Order 5-2001.

36.     As a further result of Defendants' improper policies and practices regarding meal and rest breaks, overtime, and minimum wage, as outlined herein, Defendants have also failed to provide Plaintiff and other Nurses with accurate wage statements properly reflecting the employees' earned wages overtime, minimum-wage and missed-break compensation, in violation of Labor Code section 226 and paragraph 7 of Wage Order 5-2001.

37.     As a further result of Defendants' improper policies and practices regarding overtime, minimum wage, and premium wages for missed breaks, as outlined herein, Defendants have also failed to provide Plaintiff and other Nurses with all earned wages

COMPLAINT AND DEMAND FOR JURY TRIAL

within the time limits prescribed by sections 201, 202 and 204 of the California Labor Code.

## CLASS ACTION ALLEGATIONS

38.    This action may be properly maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

39.    Plaintiff brings this suit as a class action on behalf of herself and of the class of individuals that are defined as follows:

      a.    all individuals who worked for Defendants in California as a non-exempt Nurse, including, but not limited to, registered nurses and vocational nurses, and worked at any time from the 4-year period preceding the filing of this Complaint through the present (hereafter, collectively referred to as "Class Members");

      b.    Plaintiff further seeks to establish one subclass, the Labor Code Section 203 Subclass, which is defined as all Class Members who worked during the relevant time period who are no longer employed by Defendants.

40.    The Class Members are so numerous that joinder of each individual member would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice.

41.    Although the exact number of Class Members is unknown to Plaintiff at this time, and as such, must be ascertained through discovery, Plaintiff is informed and believes, and based thereon alleges, that there are approximately more than 200 members of the proposed class throughout the State of California. The Class Members other than Plaintiff are readily ascertainable by their job positions and duties, and from the books and records maintained by Defendants in their regular course of business.

42.    There is a well-defined community of interest amongst the Class Members, as all of these individuals have resided and worked in California, and have been similarly

COMPLAINT AND DEMAND FOR JURY TRIAL

subjected to unlawful policies and/or practices that deprived them of earned overtime wages; minimum-wage compensation; mandated meal and rest periods; the premium wages earned for missed meal and rest periods; accurate, itemized wage statements reflecting all earned wages; and timely payment of all earned wages.

43.    Common questions of law and fact that affect the class predominate over questions that affect only individual Class Members, including, among other things: (a) whether Defendants maintained a policy and/or practice whereby Defendants routinely failed to pay Class Members earned overtime compensation, resulting in violations of the overtime provisions of the California Labor Code and Wage Order 5-2001; (b) whether Defendants maintained a policy and/or practice whereby Defendants routinely failed to pay Class Members at least the legally-mandated minimum wage for all hours worked, resulting in violations of the minimum-wage requirements of the California Labor Code and Wage Order 5-2001; (c) whether Defendants maintained a policy and/or practice of refusing or failing to provide Class Members the meal periods mandated under California law; (d) whether Defendants maintained a policy and/or practice of refusing or failing to authorize or permit employees to take all rest periods mandated by California law; (e) whether Defendants maintained a policy or practice of refusing or failing to pay Class Members the premium wages owed to them for each work shift during which they were denied a mandated meal or rest period, in violation of California Labor Code section 226.7 and Wage Order 5-2001; (f) whether Defendants maintained a policy or practice of failing to pay all wages owed to Class Members, including all overtime, minimum-wage and missed-break compensation, within the time limits prescribed by the California Labor Code; and (g) whether Defendants maintained a policy or practice of failing to maintain and/or furnish accurate, itemized wage statements properly reflecting, *inter alia*, all Class Members' earned wages, all hours worked, and all applicable rates of pay.

44.    Plaintiff's claims are typical of the claims of the Class Members in this action, because: (a) Plaintiff's job position and duties are similar, if not identical to, the duties and activities of other Class Members; (b) Plaintiff was similarly deprived of

COMPLAINT AND DEMAND FOR JURY TRIAL

earned overtime compensation for compelled but off-the-clock work as other Class Members; (c) Plaintiff was similarly denied the right to payment of at least the legally-mandated minimum wage for all hours worked as other Class Members; (d) Plaintiff was denied the same meal- and rest-period benefits, including additional compensation for missed meal and rest breaks, as other Class Members; (e) Plaintiff was similarly not given accurate, itemized wage statements required by the Labor Code as other Class Members; (f) Plaintiff was similarly not paid all of her earned wages within the time limits prescribed by the Labor Code as other Class Members; and (g) Plaintiff was denied the foregoing rights and benefits provided under California's employment laws and regulations in the same manner that such rights and benefits were denied to other Class Members.

45.    It is by now common knowledge that employees face great risks in pursuing separate actions.  For these and other reasons, a class action is superior to other methods for the fair and efficient adjudication of this controversy.  Individual wage-and-hour actions are expensive in terms of attorneys' fees and litigation costs, the great majority of Class Members are unlikely to find attorneys to represent them in such actions, and the Class Members would find it difficult, if not impossible, to afford to pay hourly fees to attorneys for such actions.

46.    Moreover, administrative proceedings are by no means an adequate or appropriate remedy against Defendants' wage-and-hour violations.  Among other limitations in administrative proceedings, for example, there is limited discovery permitted, and limited relief available, in California Labor Commission cases; employers are typically represented by attorneys while plaintiff-employees are usually not, and are not afforded counsel by the Labor Commissioner; no attorneys' fees are recoverable for the administrative hearing, whereas in a civil action such as this one there are attorneys' fees statutes in favor of the plaintiff; administrative relief is limited to a shorter statute of limitations than is available in this action under California Business and Professions Code

COMPLAINT AND DEMAND FOR JURY TRIAL

sections 17200 *et seq.*; and any decision made by the Labor Commission is subject to trial *de novo* in the court, and thus would be very wasteful of time, costs, and other resources.

47.   Plaintiff can adequately represent the interests of the Class Members because, like them, Plaintiff was employed by Defendants to work as Nurses in the Brookdale Defendants' California facilities, and Plaintiff suffered the same or similar injuries as other Class Members as a result of Defendants' repeated failures to comply with the applicable California employment laws and regulations governing the provision of overtime compensation; minimum-wage compensation; meal- and rest-period benefits, including premium wages for missed meal and rest breaks; timely payment of wages; and recordkeeping requirements.

48.   Furthermore, Plaintiff has retained counsel who are experienced in prosecuting employment actions, including wage-and-hour class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the class, and have the financial resources necessary to do so.

## FIRST CAUSE OF ACTION
### For Failure to Pay Overtime
**(*Cal. Lab. Code §§ 510 & 1194; 8 Cal. Code Regs. § 11050, ¶ 3*)**

49.   Plaintiff incorporates by reference and re-alleges paragraphs 1 through 48, inclusive, as though set forth fully herein.

50.   Pursuant to section 510 of the California Labor Code, employers in California are required to pay their non-exempt employees "one and one-half times the regular rate of pay" for any work in excess of 8 hours per day, and "twice the regular rate of pay" for any work in excess of 12 hours per day.  Similarly, paragraph 3 of Wage Order 5-2001 requires employers in California to pay a non-exempt employee "one and one-half (1½) times such employee's regular rate of pay" for work in excess of 8 hours, but not more than 12 hours, per day, and "[d]ouble the employee's regular rate of pay" for all work in excess of 12 hours per day.

51.   As alleged herein, Class Members, including Plaintiff, are not exempt from these overtime requirements of the California Labor Code and Wage Order 5-2001.

COMPLAINT AND DEMAND FOR JURY TRIAL

52.     As described herein, Defendants unlawfully deprived Plaintiff and other Class Members of earned overtime compensation for the off-the-clock work compelled by Defendants.   Under Defendants' unlawful policy and practice, Plaintiff and other Class Members were made to regularly work off the clock during ostensible meal periods, and after clocking out at the scheduled end of their shifts to complete *postliminary* duties, such that these Nurses routinely worked in excess of 8 hours in a day, and oftentimes in excess of 12 hours in a day, without the payment of earned overtime for such work.   Indeed, per Defendants' policy and practice, as described herein, Plaintiff and other Class Members were not paid any wages at all for such work.

53.     Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class Members, including Plaintiff, for unpaid overtime compensation, in amounts to be proven at trial, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code sections 510 and 1194, and Wage Order 5-2001.

**SECOND CAUSE OF ACTION**
**For Failure to Pay At Least Minimum Wage for All Hours Worked**
**(*Cal. Lab. Code §§ 223, 1194, 1194.2 & 1197*; *8 Cal. Code Regs. § 11050, ¶ 4*)**

54.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 53, inclusive, as though set forth fully herein.

55.     Under section 1197 of the California Labor Code, and paragraph 4 of Wage Order 5-2001, employers in California are required to pay employees at least the set minimum wage for each hour an employee works, in amounts set by state law.  Labor Code section 1194 provides that any employee who has not been paid the legal minimum wage, as required by Labor Code section 1197 and the applicable Wage Order, may recover the unpaid balance, including interest thereon, plus attorneys' fees and costs of suit.   Additionally, Labor Code section 1194.2 provides that the employee shall be entitled to recover liquidated damages against the offending employer for the minimum-wage violations, in an amount equal to the wages unlawfully unpaid, plus interest thereon.

COMPLAINT AND DEMAND FOR JURY TRIAL

56.    As a result of Defendants' improper policy and/or practice of compelling Class Members, including Plaintiff, to perform off-the-clock work, during ostensible meal periods Class Members were not actually able to take, and after clocking out at the scheduled end of their shift in order to complete *postliminary* work required by Defendants, Defendants have repeatedly failed to pay Plaintiff and other Class Members any compensation at all for each hour worked beyond each employee's scheduled 8-hour work shifts.    As such, Defendants have failed to pay Plaintiff and the other Class Members the minimum wages to which these employees are entitled, under Labor Code section 1197 and Wage Order 5-2001, for each hour the employee worked beyond 8 hours in a day.    [*See Cal. Lab. Code §§ 221 – 223 & 1197*; *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.4th 314, 321-24; *see also* <u>Division of Labor Standards Enforcement (DLSE) Enforcement Policies and Interpretations Manual</u>, § 44.1.5 – 44.2.2.1 (2002).]

57.    Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class Members, including Plaintiff, for unpaid minimum-wage compensation, in amounts to be proven at trial, plus interest thereon, and attorneys' fees and costs, pursuant to Labor Code sections 1194 and 1197, and Wage Order 5-2001.    In addition, Defendants are liable to Plaintiff and other Class Members for liquidated damages, in amounts to be proven at trial, pursuant to Labor Code section 1194.2.

### THIRD CAUSE OF ACTION
#### For Failure to Pay Wages for Missed Meal Periods
#### (*Cal. Lab. Code §§ 226.7 & 512*; *8 Cal. Code Regs. § 11050, ¶ 11*)

58.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 57, inclusive, as though set forth fully herein.

59.    At all times relevant to this action, Defendants' policy and practice routinely denied Class Members, including Plaintiff, the opportunity to take: (i) an uninterrupted, off-duty meal period of at least 30 consecutive minutes in duration for all shifts in excess of 5 hours, and (ii) a second, uninterrupted, off-duty meal period of at least 30 consecutive minutes in duration for all shifts in excess of 10 hours, in violation of Labor Code sections 226.7(b) and 512, and paragraph 11 of Wage Order 5-2001.

COMPLAINT AND DEMAND FOR JURY TRIAL

60.    As described herein, Defendants' repeated failures and/or refusals to allow Plaintiff and other Class Members the opportunity to take mandated meal periods resulted from Defendants' policy and/or practice of compelling these Nurses to work through ostensible meal periods in order to satisfy the excessive workloads imposed by Defendants.

61.    Under paragraph 11 of Wage Order 5-2001, employers in California must pay their employees an additional hour of wages for each shift in which an employee is denied the opportunity to take a mandated meal period.  California Labor Code section 226.7(c) likewise requires employers to pay employees an additional hour of compensation for every shift in which an employee is denied the opportunity to take a meal period mandated by the Labor Code or any Wage Order of the California Industrial Welfare Commission.

62.    At all times relevant herein, Defendants have failed and/or refused to provide Class Members, including Plaintiff, with the additional compensation owed for each shift in which the employee was denied the opportunity to take a mandated meal break, as required by Labor Code sections 226.7(c) and 512, and Wage Order 5-2001.

63.    Based on Defendants' conduct, as alleged herein, Defendants are liable to the Class Members, including Plaintiff, for unpaid additional premium wages earned for missed meal periods, in amounts to be proven at trial, pursuant to California Labor Code section 226.7(c) and Wage Order 5-2001, plus interest thereon, and attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5.

## FOURTH CAUSE OF ACTION
### For Failure to Pay Wages for Missed Rest Periods
### (*Cal. Lab. Code § 226.7*; *8 Cal. Code Regs. § 11050, ¶ 12*)

64.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 63, inclusive, as though set forth fully herein.

65.    At all times relevant to this action, Defendants' policy and/or practice routinely denied Class Members, including Plaintiff, the opportunity to take an uninterrupted, off-duty rest period, of at least 10 consecutive minutes in duration, for

COMPLAINT AND DEMAND FOR JURY TRIAL

every 4 hours worked, or major fraction thereof, in violation of Labor Code section
226.7(b) and paragraph 12 of Wage Order 5-2001.

66.    As described herein, Defendants' repeated failures and/or refusals to allow
Class Members, including Plaintiff, the opportunity to take mandated rest periods
resulted from Defendants' policy and/or practice of compelling these Nurses to work
through and/or forego mandated rest periods, in order to satisfy the excessive workloads
imposed by Defendants.

67.    Under paragraph 12 of Wage Order 5-2001, employers in California must
pay their employees an additional hour of wages for each shift in which an employee is
denied the opportunity to take a mandated rest period.  California Labor Code section
226.7(c) likewise requires employers to pay employees an additional hour of
compensation for every shift in which an employee is denied the opportunity to take a
rest break mandated by the Labor Code or any Wage Order of the California Industrial
Welfare Commission.

68.    At all times relevant herein, Defendants have failed and/or refused to
provide Class Members, including Plaintiff, the additional compensation owed for each
shift in which the employee was denied the opportunity to take a mandated rest break, as
required by Labor Code sections 226.7(c) and 512, and Wage Order 5-2001.

69.    Based on Defendants' conduct, as alleged herein, Defendants are liable to
the Class Members, including Plaintiff, for unpaid additional premium wages earned for
missed rest periods, in amounts to be proven at trial, pursuant to California Labor Code
section 226.7(c) and Wage Order 5-2001, plus interest thereon, and attorneys' fees and
costs, pursuant to California Code of Civil Procedure section 1021.5.

### FIFTH CAUSE OF ACTION
**For Failure to Keep and Furnish Accurate Wage Statements**
***(Cal. Lab. Code § 226)***

70.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 69,
inclusive, as though set forth fully herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

71.   As a result of Defendants' pattern and practice of failing and/or refusing to pay Class Members, including Plaintiff, all accrued wages, as described herein, Defendants have further failed to furnish Plaintiff and other Class Members with itemized wage statements that accurately reflect the amount of hours actually worked by these employees, all of their applicable rates of pay, and the amounts of overtime, minimum-wage and missed-break compensation earned by these employees, for each pay period, as required by California Labor Code section 226(a) and paragraph 7 of Wage Order 5-2001.

72.   As a result of Defendants' repeated failures and/or refusals to pay Class Members, including Plaintiff, all of their accrued wages, as described herein, Defendants have also failed to maintain records of itemized wage statements that accurately reflect the amount of hours actually worked by these employees, all of their applicable rates of pay, and the amounts of overtime, minimum-wage and missed-break compensation earned by these employees, for each pay period, as required by California Labor Code section 226(a) and paragraph 7 of Wage Order 5-2001.

73.   Defendants' repeated failures to maintain and furnish records of accurate, itemized wage statements resulted in injury to Class Members, including Plaintiff, as said failures engendered confusion and facilitated the non-payment of Class Members' earned overtime, minimum-wage and missed-break compensation.   The absence of required information in Defendants' deficient wage statements engendered confusion over whether Class Members, including Plaintiff, were each paid all of their earned wages, and thus served to mislead and/or deter Class Members, including Plaintiff, from challenging the propriety of wage payments made by Defendants, in light of the difficulty in attempting to reconstruct time and pay records in the face of Defendants' deficient recordkeeping.   Hence, the absence of essential information, required by state law to appear in the employee wage statements, caused actual injuries to Plaintiff and the other Class Members.

COMPLAINT AND DEMAND FOR JURY TRIAL

74.    On information and belief, Plaintiff alleges that Defendants' above-described failures to furnish and maintain records of accurate, itemized wage statements is, and was, knowing and intentional, and were done to confuse and mislead Class Members, including Plaintiff, as to the true compensation to which each of them was entitled under the law.

75.    Based on Defendants' conduct, as alleged herein, Defendants are liable to Class Members, including Plaintiff, for the applicable statutory penalties provided for under California Labor Code section 226(e), for Defendants' violations, in addition to recovery of costs and reasonable attorneys' fees pursuant to California Labor Code section 226, subdivisions (e)(1) and (h).

## SIXTH CAUSE OF ACTION
### For Waiting Time Penalties
### (*Cal. Lab. Code §§ 201, 202 & 203*)

76.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 75, inclusive, as though set forth fully herein.

77.    As alleged herein, Defendants have failed and/or refused to pay Class Members formerly employed by Defendants (i.e., the members of the proposed Labor Code Section 203 Subclass), including Plaintiff, all of their earned overtime, minimum-wage and missed-break compensation.  As a result of such failures and/or refusals, Defendants have failed to pay said employees all earned wages within the time limits prescribed by California Labor Code sections 201 and 202, which respectively apply to instances where a former employees resigns or is discharged.

78.    Based on Defendants' foregoing conduct, Defendants are liable, to Plaintiff and other Class Members formerly employed by Defendants, for the statutory penalties provided for under California Labor Code section 203.

## SEVENTH CAUSE OF ACTION
### For Unfair Competition
### (*Cal. Bus. & Prof. Code §§ 17200 et seq.*)

79.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 78, inclusive, as though set forth fully herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

80.    Defendants have violated California law as alleged herein by, *inter alia*: (i) failing and/or refusing to pay Class Members, including Plaintiff, all overtime compensation earned for work in excess of 8 hours in a day; (ii) failing and/or refusing to pay Class Members, including Plaintiff, at least the legally-mandated minimum wage for each hour worked; (iii) depriving Class Members, including Plaintiff, of their mandated meal and rest breaks; (iv) failing and/or refusing to pay Class Members, including Plaintiff, the premium wages earned for missed meal or rest breaks; (v) failing and/or refusing to provide Class Members, including Plaintiff, with all accrued wages within the time limits prescribed by California Labor Code section 201, 202 and 204; and (vi) failing to properly maintain and furnish to Class Members, including Plaintiff, itemized wage statements that accurately reflect actual work hours worked by, all applicable rates of pay for, and all accrued wages owed to such Class Members.

81.    On information and belief, Plaintiff alleges that Defendants have also engaged in other acts which constitute unlawful business practices.  Plaintiff will seek leave to amend this Complaint to allege these additional acts as may be disclosed by discovery.

82.    As a result of Defendants' acts and omissions, as described herein, Defendants have been able to take advantage of the long work hours of the Class Members without payment of earned overtime, minimum-wage and missed-break compensation, for Defendants' own profit and to the detriment of their employees.  With respect to the operation of its business vis-à-vis competitors, Defendants, by unduly minimizing costs, unfairly competes with similar businesses in the State of California, in violation of the California Business and Professions Code, sections 17200 *et seq.*

83.    An injunction should be issued to stop Defendants' unlawful business practices.  If Defendants are not enjoined from the conduct set forth herein, they will continue to deprive Class Members of earned overtime compensation; continue to fail to pay Class Members at least the minimum wage for each hour worked; continue to fail to provide Class Members with the meal and rest periods required by California law;

20

continue to fail to pay Class Members the premium wages owed for missed meal and rest periods; continue to fail to provide Class Members with all accrued wages and compensation within the time limits prescribed by the California Labor Code; and continue to fail to properly maintain and furnish to Class Members itemized wage statements accurately reflecting actual hours worked and all accrued wages owed to such employees.  Thus, there is threatened future harm and/or continuing violations, which justifies injunctive relief.

84.    Plaintiff, therefore, requests that the Court issue a preliminary and permanent injunction:

a.    Ordering Defendants to cease and desist from the illegal overtime policy and/or practice, described herein, that deprives Class Members of earned overtime and minimum-wage compensation;

b.    Ordering Defendants to pay all Class Members, including Plaintiff, the overtime compensation owing to them under California Labor Code section 510 and Wage Order 5-2001;

c.    Ordering Defendants to cease and desist from their policy and/or practice whereby Class Members are denied the meal and rest periods required by California law; and

d.    Ordering Defendants to pay all Class Members, including Plaintiff, the premium wages owed to them, under California Labor Code section 226.7 and Wage Order 5-2001, for missed meal and rest periods.

85.    Plaintiff further requests an Order requiring Defendants to disgorge and restore to Class Members, including Plaintiff, any and all additional compensation presently owing to them under the California Labor Code and/or Wage Order 5-2001, that have thus far been wrongfully withheld by Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GENEFLOR SACRO prays that the Court award relief as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Unpaid wages and compensation, and statutory penalties, according to proof;

2.  Restitution of all compensation due, including but not limited to unpaid wages and interest, as a result of Defendants' unlawful and unfair business practices, according to proof;

3.  Preliminary and permanent injunctions enjoining and restraining Defendants from continuing the unfair and unlawful business practices set forth above, and requiring the establishment of appropriate and effective means to prevent future violations, including but not limited to, the maintenance of records that comply with California Labor Code sections 226 and 1174, and the applicable Wage Orders;

4.  Declaratory relief;

5.  Liquidated damages pursuant to section 1194.2 of the California Labor Code, for Defendants' violations of the minimum-wage provisions of California Labor Code section 1197 and Wage Order 5-2001, according to proof;

6.  Reasonable attorneys' fees and costs, pursuant to, *inter alia*, California Labor Code sections 218.5, 226 and 1194, and California Code of Civil Procedure section 1021.5;

7.  Interest accrued on damages and penalties, including pre-judgment interest, pursuant to, *inter alia*, California Labor Code sections 218.6, 1194 and 1194.2, and California Civil Code sections 3287 and 3288; and

8.  Such other and further relief as the Court deems just and proper.


Dated: April 6, 2017                    **LAW OFFICES OF C. JOE SAYAS, JR. and SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**

                                        By:    /s/ C. Joe Sayas, Jr.
                                        C. JOE SAYAS, JR.
                                        KARL P. EVANGELISTA
                                        Attorneys for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff GENEFLOR SACRO hereby demands a jury trial on all issues so triable.

Dated: April 6, 2017                **LAW OFFICES OF C. JOE SAYAS, JR. and
                                    SCHONBRUN SEPLOW HARRIS &
                                    HOFFMAN LLP**

By:     /s/ C. Joe Sayas, Jr.
        C. JOE SAYAS, JR.
        KARL P. EVANGELISTA
        Attorneys for Plaintiff

23

COMPLAINT AND DEMAND FOR JURY TRIAL